shipped until April and then via the Cape of Good Hope. The question was whether defendant in certain alleged conversations had waived the provisions as to time and route of shipment.

*H. H. Nordlinger* and *Samuel H. Hofstadter* for appellant.

*Isidor E. Schlesinger* and *Samuel J. Rawak* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

PHILLIPS & SONS (a Corporation), Respondent, *v.* CENTRAL OF GEORGIA RAILWAY COMPANY, Appellant.

*Carriers — railroads — jurisdiction — action to recover for loss of market from delay in shipment — jurisdiction of railroad with trackage wholly without State.*

*Phillips & Sons* v. *Central of Ga. Ry. Co.*, 216 App. Div. 797, affirmed.

(Argued October 22, 1926; decided November 16, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 24, 1926, which affirmed a determination of the Appellate Term affirming an order of the Municipal Court of the city of New York denying a motion to vacate and set aside the summons and also affirming a judgment of that court in favor of plaintiff. The action was to recover damages alleged to have been caused by a loss of market arising from delay in a shipment of peaches from Georgia to New York. The motion to vacate and set aside the service of the summons was made upon the ground that the court did not obtain jurisdiction of the person of the defendant, Central of Georgia Railway Company, by delivery of the summons, because the defendant is a foreign corporation and was not carrying on business within the State of New York at the time of the attempted service. The Municipal Court held that the transaction of incidental business

within the State was sufficient to give our courts jurisdiction.

*John S. Montgomery* for appellant.

*H. H. Nordlinger* and *Harold Riegelman* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ. Dissenting: CARDOZO and McLAUGH-LIN, JJ.

---

ESTHER JENKINS, Appellant, *v.* BLACKSTONE MOTOR CO., INC., Respondent.

*Contract — sale — false representations — action to recover first payment on conditional sale on ground it was induced by false representations.*

*Jenkins* v. *Blackstone Motor Co., Inc.*, 216 App. Div. 583, affirmed. (Submitted October 22, 1926; decided November 16, 1926.)

APPEAL from a judgment, entered May 14, 1926, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury and directing a dismissal of the complaint. The action was brought to recover $800, the first payment made on a conditional sales contract under which defendant agreed to sell and the plaintiff to buy a brougham automobile, and under which said automobile was subsequently retaken by the defendant. The complaint alleged that the contract was induced by false and fraudulent representations made to the plaintiff by defendant's agent.

*Thomas J. Mangan* for appellant.

*Mack W. Terry, H. F. Nehlsen* and *C. L. Chamberlain* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, Mc-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.